ROBERT P. SMITH, Jr., Chief Judge.
In this action against a feed supplier for damage to a cattle herd in which appellant Beauchamp had a security interest, the trial court charged Beauchamp with vicarious responsibility for the owner’s contributory negligence and correspondingly reduced Beauchamp’s recovery from $83,500, the total damages assessed by the jury, to $12,-525. We find there is no basis for attributing the owner’s contributory negligence to Beauchamp, so we reinstate the full jury award. We affirm the points raised on the feed supplier’s cross-appeal.
In the early 1970s, Beauchamp launched brothers Joseph and Marvin Folsom in the dairy business by selling them more than a thousand head of cattle on credit. He secured his debt by six standard Uniform Commercial Code Article 9 security agreements, maintaining an interest in the cattle as collateral. In October 1974, when $340,-000 of the debt remained unpaid, the Folsom cattle, fed a new cottonseed meal the previous evening, suddenly began to die. During the next week 125 cows died, and 277 finally survived.
Suing the appellee suppliers of the cottonseed meal on theories of negligence and strict liability, Beauchamp and the Folsoms contended that the cottonseed meal contained paraquat which poisoned the cattle. Appellees maintained in defense that the Folsoms negligently starved their cattle and then allowed them to eat too much, bringing on a condition called rumen or stomach compartment overload. By special verdict, the jury found for Beauchamp on both the negligence and strict liability theories, holding Yazoo 15 percent negligent and the Folsoms 85 percent negligent. In its final judgment, however, the trial court reduced the jury’s award to $12,525 by attributing the Folsoms’ 85 percent negligence to Beau-champ.
Appellees contend the reduction was proper because Beauchamp was vicariously liable for the Folsom’s negligence based on either his agency or creditor relationship *556 with them. We agree with Beauchamp that there is simply no evidence in the record to support argument that the Fol-soms were his agents or employees in the operation of their dairy business. In fact, testimony clearly indicates that someone else was Beauchamp’s agent for cattle and farming operations in that area.
We also decline to impose vicarious liability on the basis of the creditor-debtor relationship between Beauchamp and the Folsoms. Beauchamp’s rights to require the Folsoms to keep the cattle in good condition, to inspect the collateral, and to recover the collateral in the event of default, spelled out on form security agreements, established an ordinary secured party and debtor relationship. Beauchamp did not, as appellees suggest, have any enhanced rights to control the Folsoms’ treatment of their cattle. Where the relationship is an ordinary one between secured party and debtor, the better rule is that the debtor’s negligence should not be imputed to the secured party when the collateral is damaged by the combined negligence of the debtor and an unrelated third party. When the secured party lacks control over the debtor’s actions, it would be unfair to give the negligent third party a windfall at the expense of an innocent secured party. See Forcier, The Negligent Damage or Destruction of Collateral—Remedies including Insurance Subrogation, 52 Minn.L.Rev. 1001, 1010 (1968). Therefore, we reverse the judgment reducing the jury award, reinstate the damages award of $83,500, and remand for entry of an appropriate judgment for Beauchamp.
On Yazoo’s cross-appeal, we find the evidence sufficiently supports the jury’s determination that the cottonseed meal was defective at the time it left manufacturer Yazoo’s possession, and that it did not undergo any subsequent adulteration; and there is evidence supporting a jury calculation of Beauchamp’s damages for the impairment of his security interest.
On the question of liability the judgment for Beauchamp is AFFIRMED; the judgment for reduced damages is REVERSED and the case is REMANDED for entry of judgment for all the damages found to have been sustained.
JOANOS and THOMPSON, JJ., concur.